*In re* GIBSON'S ESTATE.

APPEAL OF DAVIDSON.

ESTATES OF DECEDENTS—CLAIMS—CONTRACTS.

On the trial of a claim against the estate of a decedent for labor and services, it was proper to direct a verdict for defendant under testimony showing that claimant ceased to work for decedent more than six years before his death, that he had presented a claim against the deceased many years before, which had been compromised and paid, that deceased said to a person who appeared as a witness that he was going to give claimant his farm some day, but no evidence showed that the decedent agreed to pay claimant in money or property out of his estate, after his death, or that claimant performed any services after the alleged statements of deceased.

Error to Oakland; Smith, J.   Submitted October 24, 1910.   (Docket No. 5.)   Decided December 7, 1910.

William Davidson presented a claim against the estate of Jerome Gibson, deceased.   It was disallowed by the commissioners on claims of said estate and claimant appealed to the circuit court.   A judgment for defendant on a verdict directed by the court is reviewed by claimant on writ of error.   Affirmed.

*Andrew L. Moore*, for appellant.

*Patterson & Patterson*, for appellee.

OSTRANDER, J.   Claimant presented to commissioners on claims the following:

" The Estate of Jerome Gibson, deceased, to William Davidson, debtor, for work, labor and services from December 1, 1870, to December 1, 1905, including use of team, $2,000.00."

It was disallowed.   On appeal to the circuit court, a verdict for the estate was returned by direction of the court.   A motion for a new trial was denied.   There was testimony tending to prove that claimant, at different times, from 1879 to 1896, performed services for decedent. How much he was to be paid does not appear.   How much he was paid does not appear.   It seems that after or during 1896 and for a year or two he worked decedent's farm on shares.   In 1890 he presented a claim to decedent through an attorney and later stated to his attorney that he had settled the claim for $50 paid to him by Gibson on November 22, 1890.   This testimony by the attorney is not disputed.   There is no testimony tending to prove that Davidson and Gibson ever agreed that Davidson should perform services to be paid for in money or property after the death of Gibson.   Such testimony as is relied upon by claimant is that of witnesses who undertake to recite statements made to them by decedent, some of the many years before the cause was tried, to the effect that when

he died Davidson would get something out of his prop-erty, or would get a home, in payment for the good work he had done for him.   One witness testified that decedent said to him that Davidson had been a pretty good fellow, and he guessed he would give him the farm.

"He said he told him [Davidson] he would give him the farm some day."

Witness fixes the date of this conversation as in 1898. Claimant's daughter testified to like statements made by decedent to her, and, also, that he said in the presence of her father there was no use of settling up things; he was going to will him when he died a home to pay for his labor.   There is no testimony tending to prove that claimant ever performed any service for decedent after any of these statements were made.

We are of opinion that the court below properly declined to submit the case to a jury.

The judgment is affirmed.

BIRD, C. J., and HOOKER, MOORE, and STONE, JJ., concurred.